UNITED STATES DISTRICT COURT
NORTHEN DISTRICT OF GEORGIA
ATLANTA DIVISION

AMANDA HACKETT, Individually,
and on Behalf of All Other Similarly
Situated Who Consent to Their
Inclusion in a Collective Action

      Plaintiff,

v.                                                          Case No: 2:14-CV-00073

JOHNSON JUNCTION, INC.,
d/b/a CUPBOARD CAFÉ,

      Defendant.
_____/

## COMPLAINT FOR AND DEMAND FOR JURY TRIAL

PLAINTIFF, **AMANDA HACKETT**, Individually, and on Behalf of All Other Similarly Situated Who Consent to Their Inclusion in a Collective Action ("HACKETT" or together with all other Plaintiffs "PLAINTIFFS"), hereby file this Complaint against Defendant JOHNSON JUNCTION, INC., d/b/a CUPBOARD CAFÉ, ("JOHNSON JUNCTION") and alleges as follows:

### INTRODUCTION

1. The Fair Labor Standards Act ("FLSA") is designed to eliminate "labor conditions detrimental to the maintenance of the minimum standard of living necessary for health, efficiency, and general well-being of workers..." 29 U.S.C. §202(a). To achieve its goals, the FLSA sets minimum wage and overtime pay requirements for covered employers. 29 U.S.C. §§206(a) & 207(a).

2. The FLSA allows employers to pay less than minimum wage to employees who receive tips, 29 U.S.C §203(m). In doing so, employers may take a "tip

credit," which allows employers to include in their calculation of tipped employees' wages the amount that an employee receives in tips. *Id.* In order to apply a tip credit toward an employee's minimum wage, an employer must satisfy two conditions: (i) The employer must inform the employee that it will take a tip credit; and (ii) tipped employees must retain all the tips they receive, except those tips included in a valid tipping pool among employees who customarily and regularly receive tips. *Id.*

3. JOHNSON JUNCTION violated the FLSA by requiring its servers to participate in an invalid tip pool, whereby servers must contribute a percentage of their tips employees who do not regularly and customarily receive tips.

4. Defendants violated the FLSA by requiring its servers to participate in an invalid tip pool, whereby servers must contribute a percentage of their tips to employer, supervisors and bussers and who do not customarily and regularly receive tips.

5. Accordingly, PLAINTIFF brings this collective action on behalf of all similarly situated employees who may choose to opt into this action pursuant to §216(b) of the FLSA who have been paid less than the minimum wage and have been forced to participate in an invalid tip pool requiring them to share tips with employees who do not customarily and regularly receive tips. PLAINTIFF, along with all other Opt-in Plaintiffs, who have consented to join this action and filed opt-in notices with the Court already, consents to this collective action pursuant to 29 USC 216(b).

## **JURISDICTION AND VENUE**

6. This Court has jurisdiction over the subject matter of this action under 28

U.S.C. § 1331 because it arises under the laws of the United States, specifically under the FLSA, 29 U.S.C. §201, et seq.

7. Plaintiffs' claims arise under §§ 29 U.S.C. 203(m), 206, and 216(b) of the FLSA.

8. This Court has personal jurisdiction over this action because the Defendants were and are engaged in a business enterprise conducting business within the State of Georgia.

9. Venue is proper in the Northern District of Georgia pursuant to 28 U.S.C. 139l(b) because the acts complained of herein took place in this District and Plaintiffs worked in the State of Georgia for the Defendants within the territory of the Northern District of Georgia.

## THE PARTIES

### The Representative Plaintiff

10. **Plaintiff, AMANDA HACKETT,** is a resident of Rabun County, Georgia. At all times relevant to this action, HACKETT worked as a server at the Defendant's CUPBOARD CAFÉ restaurant located in Dillard, Georgia, from March 2008 through the January 31, 2013.

11. HACKETT received paychecks which indicate compensation at an hourly rate less than the minimum wage.

12. Pursuant to policy and plan, while working as a server, HACKETT was required to pay a percentage of her tips to her managers and supervisors.

13. At all times relevant to this action, HACKETT, and all other similarly situated opt-in servers were employees of JOHNSON JUNCTION within the meaning of 29 U.S.C. § 203(e)(1).

**Defendant**

14. Defendant, JOHNSON JUNCTION, INC., is a for profit corporation organized and existing under the laws of Florida, with its principle place of business located at 7388 Highway 441, Dillard GA 30537.

15. JOHNSON JUNCTION, INC., operates under the trade name CUPBOARD CAFÉ. .

16. Pursuant to the exercise of common control and ownership of JOHNSON JUNCTION, INC. is an "employer" of Plaintiff and similarly situated employees within the meaning of the FLSA, 29 U.S.C. § 203.

17. Pursuant to the exercise of common control and ownership of CUPBOARD CAFE is an "employer" of Plaintiff and similarly situated employees within the meaning of the FLSA, 29 U.S.C. § 203.

## GENERAL ALLEGATIONS

18. Plaintiffs, and similarly situated servers receive weekly paychecks, which indicate an hourly rate less than the minimum wage.

19. At all times relevant hereto, and for a three (3) year period immediately preceding the filing of this suit, Defendant took advantage of FLSA's tipped employees tip credit, paying Plaintiff and similarly situated class members a wage that is less than the required Minimum Wage pursuant to the FLSA.

20. At all times relevant hereto, and for the three (3) year period immediately preceding the filing of this suit, CUPBOARD CAFE instituted a mandatory tip pool policy.

21. The tip pool policy required that all servers turn over (a.k.a. 'tip-out') a percentage of their tips to the supervisor for that shift.

22. Plaintiff and similarly situated employees were required to share tips with their employer.

23. Aside from their paystubs, Plaintiff and other similarly situated employees have never received documentation or a proper explanation regarding the tip pool and tip credit disbursement. Simply stated, they have not been provided the proper notice as required by law to allow the Defendants to lawfully claim a tip credit under the FLSA.

24. The employer received compensation from the tip pool pursuant to CUPBOARD CAFE' tip pool policy.

25. The Department of Labor's Field Operations Handbook expressly forbids employers from participating in tip pooling arrangements.

26. Where a tipped employee is required to contribute to a tip pool that includes employees who do not customarily and regularly receive tips, the employee is owed all tips he or she contributed to the pool in addition to repayment of the applicable minimum wage.

27. Because the Plaintiff, and other similarly situated employees, have not been permitted to retain all of their tips and have been forced to participate in an invalid tip pool arrangement, the Defendants have not been eligible to claim the

"tip credit" against the minimum wage and thus is obligated to pay all employees the full minimum wage.

28. In addition, the Defendants have not complied with its obligations to inform or properly notice employees of the tip credit.

29. CUPBOARD CAFÉ failed and refused to pay overtime compensation to Plaintiff and similarly situated employees.

30. Pursuant to policy and plan, all overtime hours were "banked" to provide income to servers during the slower winter months.

## COUNT I
## FAILURE TO PAY MINIMUM WAGE IN VIOLATION OF THE FLSA

31. Plaintiff re-alleges and incorporates paragraphs one (1) through thirty (30) *supra,* as if fully set out herein.

32. The Defendants' conduct in failing to pay all of its employees the appropriate minimum wage and inappropriate claiming of the "tip credit," as set forth above, violates the FLSA, 29 U.S.C. § 201, et seq. and particularly § 206 and § 216.

33. The Defendants have wrongfully retained tips, which should not be property of the employer.

34. The Defendants also violate the law by allowing non-tipped employees to keep tips from the tip pool.

35. Further, Defendants have not complied with its obligation to inform its employees that it was taking a tip credit against them and give them proper notice regarding the same.

36. Because of the Defendants' failure to comply with the law on tip credits it has lost its ability to claim a tip credit and the Class is entitled to the full cash minimum wage plus those unlawfully retained and/or distributed tips

37. This claim is brought on behalf of a class of similarly situated individuals, pursuant to 29 U.S.C. § 216(b).

## COUNT II
## VIOLATIONS OF THE FLSA (§ 207)

38. Plaintiff readopts and realleges paragraphs nine (9) through thirty (30) as if fully set forth herein.

39. During the course of Plaintiff's employment with Defendant, Plaintiff was only paid for the first forty (40) hours Plaintiff worked per work week.

40. Plaintiff was required to work and regularly worked in excess of forty (40) hours per work week.

41. Defendant required that employees "bank" overtime hours worked in excess of forty (40) during any given week.

42. Plaintiff and similarly situated employees were not paid overtime compensation at a rate of one and one-half times their regular rate, in violation of the FLSA

43. During the course of her employment and for the period of the three (3) years prior to the initiation of this suit, Plaintiff's primary job duties were non-exempt.

44. As a non-exempt employee Plaintiff was entitled to be paid for all of the overtime hours that Plaintiff worked on behalf of Defendant, including but not limited to the hours Plaintiff worked nights and weekends.

45. JOHNSON JUNCTION failed and refused to pay Plaintiff any additional wages and/or overtime wages for any and all work Plaintiff performed in excess of forty

(40) hours during any given work week during the three years prior to the initiation date of this suit.

46. All or most records that exist concerning the number of hours actually worked by Plaintiff are in the exclusive possession, custody and control of Defendant, and therefore Plaintiff is unable to state an exact amount of damages at this time.

47. As a result of Defendants' conduct, Plaintiff has suffered damages associated with Defendants unlawful compensation practices and denial of overtime wages.

## **PRAYER FOR RELIEF**

WHEREFORE Representative Plaintiff respectfully requests that judgment be entered in their favor, awarding them and all similarly situated employees:

a. An order designating this action as a collective action and issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated individuals with instructions to permit them to assert timely FLSA claims in this action by filing individual consents to sue pursuant to §216(b) and that notice be sent to all past and present employees of the Defendant at any time during the three year period immediately preceding the filing of this suit, through and including the date of this Court's issuance of the Court Supervised Notice.

b. An Order awarding Plaintiff the difference between what the class was paid and the full minimum wage for each hour worked during which time the tip pool was out of compliance and unlawful;

c. An Order awarding restitution of all gratuities which the employees were deprived, including but not limited to all "gratuities" paid to the owners and supervisors;

d. An Order awarding an equal amount of liquidated damages as provided under the FLSA;

e. Reasonable attorney's fees, costs, and expenses of this action as provided by the 29 USC 216(b); and

f. Any such legal and equitable relief that this Court may deem appropriate.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all questions of fact raised by this Complaint.

Respectfully filed this  9th   day of April, 2013.

 /s/Mitchell L. Feldman 
Mitchell L. Feldman
GA Bar No: 257791
**Feldman Morgado PA**
1201 Peachtree Street, Ste 200
Atlanta GA 30361
(t) 855-433-6529
(f) 813-639-9376
Email:mfeldman@ffmlawgroup.com